IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| OLD ATLANTA ROAD, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:14-CV-00135-RWS-JCF |
| SPECIALIZED LOAN SERVICING, LLC, | : | |
| and WILMINGTON TRUST, N.A., | : | |
| | : | |
| Defendants. | : | |

## NON-FINAL REPORT AND RECOMMENDATION and ORDER

This case is before the Court on a Motion For Remand (Doc. 9) filed by Plaintiff Old Atlanta Road, LLC ("Old Atlanta").

## FACTUAL AND PROCEDURAL HISTORY

The following facts are taken from public records and prior cases concerning the subject property. Old Atlanta is an LLC formed by Mark and Cindy Lesman.[1] On August 31, 2006 Mark Lesman secured a $1,065,000.00 loan from Countrywide Bank, N.A. Mark and Cindy Lesman executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). The deed was

---

[1] Defendants assert that Plaintiff's counsel has stated before this Court at the hearing on Old Atlanta's Motion For A Temporary Restraining Order that the Lesmans created Old Atlanta, LLC, (Doc. 10-1 at 5 n.4) and Old Atlanta has not disputed this statement. (*See* Doc. 15 at 5 (noting "Old Atlanta has succeeded the Lesmans' rights and privileges with respect to the subject property" without challenging Defendants' characterization of the statement at the hearing)).

1

recorded in Deed Book 4439, Page 713, of the Forsyth County, Georgia records. (Doc. 10-2). Later, the deed was assigned to Defendant Wilmington Trust, National Association, as successor Trustee to Citibank, N.A., as Trustee of SAMI II Inc., Bear Stearns ARM Trust Mortgage Pass-Through Certificates, Series 2006-4 ("Trustee"), as reflected in an Assignment recorded in Deed Book 5722, Page 554 of the Forsyth County, Georgia, records. In particular, Defendants point to a Corrective Assignment recorded on February 15, 2013, in Deed Book 6587, Page 432, of the Forsyth County, Georgia records. (Doc. 10-3 at 5).

After Mark Lesman defaulted on the loan, foreclosure proceedings were begun against the property. Before those proceedings could be completed, other litigation occurred. In August 2008, Lesman filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court, Northern District of Georgia, Gainesville Division in Case No. 08-22378-reb. That case was later converted to a Chapter 11 then a Chapter 7 case. In August 2010, Citibank, N.A. moved for relief from the automatic stay. That September, the Bankruptcy Court granted Citibank relief from the automatic stay so it could foreclose on the property. (Doc. 10-4). On October 5, 2010, Mark Lesman was granted a bankruptcy discharge.

After the discharge, yet before the foreclosure proceedings could be completed, the Lesmans filed a lawsuit challenging the impending foreclosure in the Superior Court Forsyth County, Georgia on November 28, 2011. That lawsuit

was removed to this Court on January 25, 2012. *See Lesman, et al v. Mortgage Electronic Reg. Sys., Inv. And Bank of Am., N.A, as Servicer for Citibank, N.A.*, ("Lesman v. MERS"), 2:12-cv-23-RWS (Doc. 1, Jan. 25, 2012). Defendants filed motions to dismiss, which were granted by order of this Court on February 19, 2013. *Lesman v. MERS*, 2:12-cv-23, (Doc. 40, Feb. 19, 2013) (filed in this action at Doc. 10-6). The Lesmans appealed the Order of February 19, 2013, but the Eleventh Circuit Court of Appeals dismissed the appeal as untimely filed by order of May 15, 2013. (Doc. 10-7).

While the appeal was pending, on April 30, 2013 Mark and Cindy Lesman formed Old Atlanta, LLC. (Doc. 10-8). On May 23, 2013, Mark Lesman transferred his interest in the property to Old Atlanta. (Doc. 10-9). On July 5, 2013, Cindy Lesman conveyed her interest in the property to Old Atlanta. (Doc. 10-10). The public records reflect that no consideration changed hands with respect to this transaction. (Doc. 10-11).

After foreclosure proceedings were again instituted, this lawsuit was filed on April 28, 2014. (Doc. 1-1). Old Atlanta filed a Motion for Temporary Restraining Order, which was denied by an Order of June 30, 2014. (Doc. 4). On July 1, 2014, the property was sold at a public auction. The matter was referred to the undersigned by Order of October 8, 2014. (Doc. 22).

**Discussion**

**I.**      **Old Atlanta's Motion To Remand**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction." *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 Fed. Appx. 11, 15 (11th Cir. 2010) (unpublished decision) (citing 28 U.S.C. §§ 1331, 1332). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship [pursuant to 28 U.S.C. § 1332], federal-question jurisdiction [pursuant to 28 U.S.C. § 1331] is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"When determining subject-matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand." *Ashley v. Bank of Am., N.A.*, No. 1:11-CV-3762-RWS, 2012 WL 2373248, at *2 (N.D. Ga. June 21, 2012) (citing *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th

Cir. 1994)).  "Further, the party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *see also Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").

A. **Diversity Jurisdiction**

Resolving this issue begins with 28 U.S.C. § 1332(a) which provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."  In addition, 28 U.S.C. § 1441(b) further provides that where removal is based on diversity (as opposed to a federal question), such action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.' " (quoting 28 U.S.C. § 1441(b)).

1. Diversity Is Present.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens*

*MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Here, the parties are diverse.  Plaintiff Old Atlanta LLC is a New Mexico LLC whose members, Mark and Cindy Lesman are citizens of Georgia.  (*See* Doc. 9-1 at 2 n.1); *Mallory & Evans Contractors & Eng'rs*, *v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir 2011) (LLC is a citizen of any state of which a member is a citizen).  Defendant Specialized Loan Servicing, LLC ("SLS") is a Delaware LLC.  Defendant Wilmington Trust, N.A. is a national banking association.  Therefore, its citizenship is determined by the location of its main office.  *See* 28 U.S.C. § 1348 (national banking associations are "deemed citizens of the States in which they are respectively located"); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").  Wilmington Trust's main office, as designated by its articles of association, is in Delaware so it is a citizen of Delaware for diversity purposes.   Thus, the parties are diverse.

        2.     The Amount In Controversy Exceeds $75,000.

The Complaint informs the Court's consideration of whether the amount-in-controversy provision is met.  Where, as here, the plaintiff does not seek a specific amount, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2012).

Here, Old Atlanta sought declaratory relief (*see* Doc. 1-1, Compl. at ¶¶ 16-19) concerning the subject property.  Under these circumstances, the value of the property is a proper measure of the amount in controversy.  *Mapp v. Deutsche Bank Nat'l Trust Co.*, 3:08-CV-695-WKW, 2009 WL 3664118, at *3 (M.D. Ala. Oct. 28, 2009).  In addition, Old Atlanta sought to quiet title in the property.  (Doc. 1-1, Compl. at ¶¶ 20-23).  This, too, justifies consideration of the value of the property as a measure of the amount in controversy.  *See Ra'oof v. U.S. Bank*, 1:10-CV-3347-RWS, 2010 WL 4975496, at *1 (N.D. Ga. Dec. 1, 2010) ("if suit is brought to quiet title to land . . . and the cloud affects the entire title, then the value of the property . . . plaintiff seeks to protect is the measure of the amount in controversy").  Forsyth County's Board of Tax Assessors has assessed the fair market value of the subject property at $562,810.  (*See* Doc. 1-2).  Thus, the amount-in-controversy provision is satisfied, and the Court has jurisdiction over this dispute.

      B.    **<u>Old Atlanta's Contentions In Seeking Remand.</u>**

Old Atlanta does not dispute that the requirements for diversity jurisdiction are met.  Instead, it asserts that the fact that this lawsuit seeks to challenge well-entrenched Georgia law means that this Court should not hear it.  Old Atlanta contends that this lawsuit is "an open and explicit attempt to change the law of Georgia as announced by its Supreme Court over three decades ago."  (Doc. 9-1).

7

In particular, Old Atlanta proclaims its desire to take aim[2] at law establishing that the power of sale in a security deed is separate from the underlying debt and that a mortgage lien is not discharged with the underlying debt in bankruptcy. *See Mickel v. Pickett*, 247 S.E. 2d 82, 87 (Ga. 1978) (bankruptcy of grantor did not destroy power of sale in security deed as it was a "power coupled with an interest"); *see also You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428 (Ga. 2013) (deed holder can exercise rights independent of the underlying note).

Old Atlanta admits the law is well-settled.[3] In fact, Old Atlanta bases its argument for this Court declining to exercise its jurisdiction on the notion that the law is well-settled. It contends that because the law is well-settled, this Court would not be able to issue a certified question to the Supreme Court of Georgia. (*See* Doc. 9-1 at 5). Old Atlanta asserts that because this Court cannot change well-established state law, this Court lacks jurisdiction over this matter.

---

[2] Despite repeatedly asserting its intention to challenge *Pickett*, at no point in its presentation does Old Atlanta offer any hint of the basis for this challenge. (*See e.g.,* Doc. 9-1 (stating "It is Plaintiff's contention that this ruling by the Georgia Supreme Court is inherently wrong, contrary to other law and public policy of the State of Georgia, contrary to better governing norms, and should be changed" without identifying the other law, public policy, or better governing norms that could arguably justify changing the law)).

[3] Old Atlanta's fervent desire to launch an all out assault on a heavily fortified position, *see Pickett,* 247 S.E.2d at 87, brings to mind Pickett's charge. *See, e.g., Pickett v. Am. Ordnance Pres. Ass'n*, 60 F. Supp. 2d 450, 451 (E.D. Pa. 1999) ("What has come to be called Pickett's Charge ended disastrously for the men in gray. Their frontal attack was decisively repulsed.")

Old Atlanta's argument confuses lack of jurisdiction with abstention. There is no dispute this Court has diversity jurisdiction. In limited circumstances, federal courts may decline to exercise authority through abstention, but nothing in any existing abstention doctrine justifies this Court declining to exercise its jurisdiction here. It has been recognized that there are four types of abstention:

> Under certain circumstances, a federal court may decline to exercise jurisdiction over a case properly before it. The following four abstention doctrines define these circumstances: 1) *Pullman* abstention allows a federal court to decline to exercise jurisdiction over a case that involves federal constitutional issues and unsettled questions of state law, the resolution of which might moot the constitutional issues; 2) *Burford* abstention requires that a federal court dismiss or remand an action involving difficult questions of state law where federal intervention might disrupt state efforts to formulate coherent policy in an area of substantial public concern; 3) *Younger* abstention requires that a federal court abstain from enjoining ongoing state proceedings that implicate important state interests where the parties have an adequate opportunity to raise the federal issues in state court and where there is no showing of bad faith prosecution, harassment or extraordinary instances of irreparable harm; and 4) *Colorado River* abstention allows a federal court to stay, but not dismiss, an action pending before it when there is a concurrent, separate action pending in state court that raises the same, or substantially the same, issues.

*Strang v. Satz,* 866 F. Supp. 542, 544 (S.D. Fla. 1994). Nothing in this matter even approaches warranting application of any of these doctrines. In fact, Old Atlanta does not argue that any existing abstention doctrine applies.

Essentially, Old Atlanta invites this Court to invent a *new* abstention doctrine which would apply whenever litigants wished to challenge well-

established state law.  The undersigned declines this invitation.  Doing so would create an exception to diversity jurisdiction that could have the practical impact of wiping 28 U.S.C. § 1332 off the books by allowing litigants to avoid federal court anytime one expressed a desire to challenge well-established state law.

One goal of abstention is to avoid unnecessary friction between state and federal interests.  *Carroll v. City of Prattville*, 653 F. Supp. 933, 938 (M.D. Ala. 1987) ("Abstention is a judicially created doctrine through which federal courts decline to exercise their jurisdiction in order to prevent unnecessary friction between the federal and state governments.").  Allowing a federal court with diversity jurisdiction over a dispute to apply well-developed state law creates no such friction.

## **CONCLUSION**

As diversity jurisdiction exists, and with no reasoned basis for this Court to decline to exercise its jurisdiction, it is **RECOMMENDED** that Old Atlanta's motion to remand (Doc. 9) be **DENIED.**  The undersigned is aware that other motions remain pending in this action.  In particular Defendants have filed a motion to dismiss.  (Doc. 10).  Old Atlanta subsequently filed a motion to amend. (Doc. 16).  Old Atlanta recently filed a Second Motion To Amend (Doc. 24) to which Defendants have not yet had an opportunity to respond.  By virtue of the filing of the Second Motion To Amend, Old Atlanta's first Motion To Amend

(Doc. 16) is hereby **DENIED as moot.**[4]

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this <u>12th</u> day of <u>December</u>, 2014.

                                         /s/  *J. CLAY FULLER*
                                         J. CLAY FULLER
                                         United States Magistrate Judge

---

[4] Consideration will be given to Defendants' Motion To Dismiss (Doc. 10) once the Second Motion To Amend is ripe for disposition.