IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

OLD ATLANTA ROAD, LLC,      :
      :
      Plaintiff,      :
      :
v.      :      CIVIL ACTION NO.
      :      2:14-CV-00135-RWS-JCF
SPECIALIZED LOAN SERVICING, LLC, :
and WILMINGTON TRUST, N.A.,      :
      :
      Defendants.      :

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on a Second Motion For Leave To Amend (Doc. 24) filed by Plaintiff Old Atlanta Road, LLC ("Old Atlanta") and Defendants' Motion To Dismiss (Doc. 10).

## FACTUAL AND PROCEDURAL HISTORY

The following facts[1] are taken from public records and prior cases concerning the subject property.  Old Atlanta is an LLC formed by Mark and Cindy Lesman.  On August 31, 2006 Mark Lesman secured a $1,065,000.00 loan from Countrywide Bank, N.A.  Mark and Cindy Lesman executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS").  The deed was recorded in Deed Book 4439, Page 713, of the Forsyth County, Georgia

---

[1] These facts also appear in the December 12, 2014 Report and Recommendation (Doc. 25) addressing Plaintiff's Motion To Remand.

records.  (Doc. 10-2).  Later, the deed was assigned to Defendant Wilmington Trust, National Association, as successor Trustee to Citibank, N.A., as Trustee of SAMI II Inc., Bear Stearns ARM Trust Mortgage Pass-Through Certificates, Series 2006-4 ("Trustee"), as reflected in an Assignment recorded in Deed Book 5722, Page 554 of the Forsyth County, Georgia, records.  In particular, Defendants point to a Corrective Assignment recorded on February 15, 2013, in Deed Book 6587, Page 432, of the Forsyth County, Georgia records.  (Doc. 10-3 at 5).

After Mark Lesman defaulted on the loan, foreclosure proceedings were begun against the property.  Before those proceedings could be completed, other litigation occurred.  In August 2008, Lesman filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court, Northern District of Georgia, Gainesville Division in Case No. 08-22378-reb.  That case was later converted to a Chapter 11, then a Chapter 7 case.  In August 2010, Citibank, N.A. moved for relief from the automatic stay.  That September, the Bankruptcy Court granted Citibank relief from the automatic stay so it could foreclose on the property.  (Doc. 10-4).  On October 5, 2010, Mark Lesman was granted a bankruptcy discharge.  *See In re Lesman,* Case No. 08-22378-reb, Doc. 112 (Bankr. N.D. Ga. Oct. 5, 2010).

After the discharge, yet before the foreclosure proceedings could be completed, the Lesmans filed a lawsuit challenging the impending foreclosure in the Superior Court Forsyth County, Georgia on November 28, 2011.  That lawsuit

was removed to this Court on January 25, 2012.  *See Lesman, et al v. Mortgage Elec. Reg. Sys., Inc. and Bank of America, N.A, as Servicer for Citibank, N.A.*, ("*Lesman v. MERS*"), 2:12-cv-23-RWS (Doc. 1, Jan. 25, 2012).  Defendants filed motions to dismiss, which were granted by order of this Court on February 19, 2013.  *Lesman v. MERS*, Doc. 40 (filed in this action as Doc. 10-6).  The Lesmans appealed the Order of February 19, 2013, but the Eleventh Circuit Court of Appeals dismissed the appeal as untimely filed by order of May 15, 2013.  (Doc. 10-7).

While the appeal was pending, on April 30, 2013 Mark and Cindy Lesman formed Old Atlanta, LLC.  (Doc. 10-8).  On May 23, 2013, Mark Lesman transferred his interest in the property to Old Atlanta.  (Doc. 10-9).  On July 5, 2013, Cindy Lesman conveyed her interest in the property to Old Atlanta.  (Doc. 10-10).  The public records reflect that no consideration changed hands with respect to this transaction.  (Doc. 10-11).

After foreclosure proceedings were again instituted, this lawsuit was filed on April 28, 2014.  (Doc. 1-1).  Old Atlanta filed a Motion Tor Temporary Restraining Order, which was denied by an Order of June 30, 2014.  (Doc. 4).  On July 1, 2014, the property was sold at a public auction.  On July 25, 2014, Old Atlanta filed a Motion To Remand.  (Doc. 9).  On July 31, 2014, Defendants filed a Motion To Dismiss.  (Doc. 10).  The matter was referred to the undersigned by

Order of October 8, 2014. (Doc. 22).

Old Atlanta filed its Second Motion To Amend on December 9, 2014. (Doc. 24). On December 12, 2014, the undersigned entered a Report and Recommendation in which it was recommended that Plaintiffs' Motion To Remand be denied and an Order stating that the filing of the Second Motion To Amend had rendered the first Motion To Amend moot. (Doc. 25). Defendants filed a response in opposition to the Second Motion To Amend on December 29, 2014. (Doc. 28). Old Atlanta filed its reply in support of its Second Motion To Amend on January 15, 2015. (Doc. 29).

Briefing is now complete on the pending motions, and the undersigned turns to their merits.

## Discussion

### I.     Defendants' Motion To Dismiss (Doc. 10)

Defendants contend that Old Atlanta's claims are barred by *res judicata*, and, alternatively, that Old Atlanta fails to state a claim upon which relief may be granted.

#### A.     Res Judicata

"The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). "Res judicata comes in two forms: claim

4

preclusion (traditional 'res judicata') and issue preclusion (also known as 'collateral estoppel')." *Id.* "While claim preclusion bars repetitious suits involving the same cause of action . . . , issue preclusion precludes the re-adjudication of the same issue, where the issue was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action." *Id.* at 1263-64.

> As the Eleventh Circuit has stated:

> It is by now hornbook law that the doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." For res judicata to bar a subsequent case, four elements must be present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."
> …
> As for the fourth element, two cases are generally considered to involve the same cause of action if the latter case "arises out of the same nucleus of operative fact, or is based upon the same factual predicate," as the former one. "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.' "

*Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375-76 (11th Cir. 2011) (internal citation omitted).  Here, there is no dispute that the prior decision was a final judgment on the merits by a court of competent jurisdiction, so only the final two factors must be addressed.

     1.   <u>Privity</u>

" 'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party."   *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004). "Because there is a close connection between the concept of privity and the notion of identity of interests, the existence of the same rights and interests in property has been recognized as being 'specific enough' to create privity for purposes of claim preclusion." *Baloco v. Drummond Co.*, 767 F.3d 1229, 1249 (11th Cir. 2014).

Old Atlanta does not dispute that it is in privity with the Lesmans, the plaintiffs in the prior action.  (*See* Doc. 15 at 5 ("Old Atlanta has succeeded the Lesmans' rights and privileges with respect to the subject property.")).  Instead Old Atlanta asserts (without directing the Court's attention to any supporting authority) that Defendants in this action are not in privity with the defendants in the previous one.

In particular, Old Atlanta contends that "If, as Defendants assert, Bank of America and MERS were in privity to Citibank, then there is no evidence in Defendants' Motion or any public record to show that they were in privity to Wilmington Trust and [SLS]."  (Doc. 15 at 5).  To the contrary, the corrective assignment states that Wilmington Trust is the "successor to CitiBank" (Doc. 10-3 at 5).  In the first suit, Bank of America and MERS were alleged to be acting on

behalf of CitiBank.  *See Lesman v. MERS*, Doc. 1-1, ¶¶ 2-3.  Where, as here, the parties involved in the subsequent litigation have a successive interest in the same property, their interests are aligned sufficiently to conclude that they are in privity with the litigants from the prior action.  *See McKeown v. Wheat*, 231 F.2d 540, 542 (5th Cir. 1956) (privity denotes "mutual or successive relationship to the same rights of property").[2]

    2.   <u>Theories And Claims Arising From Same Operative Nucleus Of Fact</u>

Old Atlanta initially contends that *res judicata* does not apply because the two proceedings do not involve the same causes of action.  (Doc. 15 at 4).  Yet, it acknowledges "In addition to claims actually made in the prior suit, *res judicata* bars claims that could have been brought under the same set of operative facts at the time of the original complaint.  (*Id.* at 6).  This second statement is correct:

> "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'

*Maldonado*, 664 F.3d at 1375-76.

The Lesman's Amended Complaint was filed in the first action on August 8, 2102.  *See Lesman v. MERS*, Doc. 28.  That suit involved the subject property located at 2640 Old Atlanta Road, Cumming, Georgia.  (*Id.* at ¶ 15).  Plaintiffs

---

[2] Decisions of the Fifth Circuit handed down before October 1, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

purported to challenge several assignments involving the underlying mortgage. (*Id.* at ¶¶ 18-28).  Plaintiffs further sought to enjoin any foreclosure proceedings until the "true secured creditor" could be identified.  (*Id.* at ¶ 38).  Plaintiffs brought various other claims based on this foundation, only to have this Court grant Defendants' motion to dismiss with prejudice.  *Lesman v. MERS*, Doc. 40 at 17.

The Complaint in this case alleges that the property at 2640 Old Atlanta Road "is purportedly subject to a certain deed to secure debt which, through various assignments, is now allegedly held by [Defendant SLS] as servicer for [Defendant] Wilmington Trust, and which served at one time to secure a certain mortgage loan, which loan has been discharged in bankruptcy." (Doc. 1, ¶ 3).  The Complaint further challenges the ability of Defendants to foreclose on the property by virtue of Mr. Lesman's underlying debt having been discharged in bankruptcy. (*Id.* at ¶¶ 11-15).  The Complaint also seeks declaratory relief and an action to quiet title, (*id.* at ¶¶ 16-23) both based on the idea that the discharge of the debt in bankruptcy means that the deed to secure debt is no longer valid.  Yet Old Atlanta admits that under Georgia law, "even though the debt was discharged [] the deed securing the debt remains a viable property interest."  (*Id.* at ¶ 7).  At its core, Old Atlanta's suit is nothing but another attempt to stop a foreclosure on the property. *See O'Connor v. Wells Fargo Bank, Nat. Ass'n*, No. 1:12-CV-02525-RWS, 2012 WL 7808867, at *5 (N.D. Ga. Oct. 29, 2012) *report and recommendation adopted,*

No. 1:12-CV-2525-RWS, 2013 WL 1281925 (N.D. Ga. Mar. 27, 2013) *reconsideration denied,* No. 1:12-CV-2525-RWS, 2013 WL 2181276 (N.D. Ga. May 20, 2013) (finding subsequent suit barred by *res judicata* while noting "In both cases, plaintiffs challenge Wells Fargo's authority to foreclose on the property").

In an attempt to differentiate the claims brought in 2014 by Old Atlanta from those advanced beginning in 2012 by its founders, the Lesmans, Old Atlanta emphasizes that the latter action is "[a]n attempt to change the law of Georgia." This characterization misses the point. The discharge of Mr. Lesman's debts in bankruptcy, *see In re Lesman,* Case No. 08-22378-reb, Doc. 112 (Bankr. N.D. Ga. Oct. 5, 2010), occurred in 2010 -- long before the Lesmans filed their suit on November 28, 2011, *see Lesman v. MERS*, 2:12-cv-0023, Doc. 1-1 at p. 3. The Lesmans could have asserted this claim in the 2012 suit but did not. As this claim is rooted in the same set of operative facts as those addressed in the prior suit, it is barred by *res judicata*.

Old Atlanta also contends that the fact that the foreclosure was not complete when the 2012 action was dismissed saves its current claims from being barred by *res judicata*. (*See* Doc. 15). In fact, Old Atlanta states "the claim of 'wrongful foreclosure as tort' was dismissed as unripe." This statement is incorrect. It is true that Judge Story's February 19, 2013 Order dismissing the Lesman's claims noted

9

that a wrongful foreclosure claim may not be maintained when no foreclosure sale has occurred. *Lesman v. MERS*, Doc. 40 at 12. But the decision went on to conclude, "Even if a foreclosure sale had occurred, [Plaintiffs'] claim for wrongful foreclosure still would be due to be dismissed, as [Plaintiffs'] legal theories are meritless." *Lesman v. MERS*, 2:12-cv-0023, Doc. 40 at 12 & n.7 (discussing deficiencies of Plaintiffs' claims based on notice and Plaintiffs' lack of power to challenge the assignment of the security deed). Importantly, like the rest of the Lesmans' claims, the wrongful foreclosure claim was dismissed *with* prejudice. *Lesman v. MERS*, 2:12-cv-0023, Doc. 40 at 12 & n.7. Dismissal with prejudice is a final decision on the merits. *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986). ("A dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise."). As such, that decision bars litigation of claims which could have been brought in the first suit, including each claim asserted in Old Atlanta's original complaint in this case.

### B.   <u>Failure To State A Claim</u>

Even if Old Atlanta's claims in the original complaint in this action were not barred by *res judicata*, those claims would still be subject to dismissal. Simply put, each claim in the complaint depends on a determination that the 2010 discharge of Mr. Lesman's debt in bankruptcy did not impair the rights to foreclosure granted by the security deed. Under Georgia law, a grantor's

bankruptcy does not extinguish the ability to foreclose.  *See Mickel v. Pickett*, 247 S.E.2d 82, 87 (Ga. 1978) ("the bankruptcy of the grantor in the original deed and his discharge in bankruptcy did not destroy the power contained in the original deed; for it was a power coupled with an interest.").  For that reason, Old Atlanta's claims in the original complaint are due to be dismissed.

## II.   Old Atlanta's Motion To Amend (Doc. 24)

Old Atlanta filed its Second Motion To Amend (Doc. 24) seeking to add facts occurring after the July 2014 foreclosure on the property and a new claim (*see* Doc. 24-1 ¶¶ 36-38 (Count IV: Conversion)) to its original complaint.

Rule 15 instructs that when a court considers a motion to amend a pleading, "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "[T]here must be a substantial reason to deny a motion to amend, such as undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Nance v. Ricoh Elecs., Inc.*, 381 Fed. Appx. 919, 924 (11th Cir. 2010) (quotations omitted).  Defendants contend that the proposed amendment is due to be denied on the basis of undue delay and futility.

### A.   Undue Delay

Defendants assert that Old Atlanta waited too long to seek leave to amend and therefore its motion should be denied on that basis.  The undersigned

disagrees.  As a factual matter, Defendants contend Old Atlanta suggested that it would amend its complaint in June 2014 without actually doing so until late August 2014.[3]  (*See* Doc. 28 at 5-6).  Defendants also suggest Old Atlanta "offered no explanation whatsoever for its tardiness."  (*Id.* at 6).

For support, Defendants turn to an Eleventh Circuit case affirming a district court's decision to reject an amendment on the basis of undue delay.  *See Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227 (11th Cir. 2005).  In that case, the plaintiff waited more than a year after receiving notice that its theory of recovery was suspect before seeking leave to amend to advance an alternative theory.  *Id.* Under these circumstances, the Eleventh Circuit held that the district court did not abuse its discretion by refusing to allow the amendment.  *Id.*

The circumstances here are readily distinguishable from those present in the *Andrx Pharmaceuticals* case.  First of all, the delay at issue is far shorter than the year-long delay in that case.  Second, it can hardly be said Old Atlanta engaged in unde delay when it came forward with its proposed Second Amended Complaint within only a few weeks of learning of the November execution and recording of the deed under power which provides the factual underpinning for its amendments.  Thus, Defendants contentions concerning undue delay would not justify denying

---

[3] Old Atlanta filed its first motion to amend (Doc. 16) on August 21, 2014.  That motion was rendered moot when Old Atlanta filed its second motion to amend (Doc. 24) on December 12, 2014.  (*See* Doc.  25 at 10-11).

the proposed amendment.

    B.   Futility

Defendants also challenge the proposed amendment as futile.  The denial of leave to amend is justified "when the [amended] complaint is still subject to dismissal."  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (internal citations omitted).  Because efficiency concerns dictate that courts and opposing parties should not be required to expend resources on hopeless cases, "leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

Because the undersigned has already recommended dismissal of Old Atlanta's original complaint on the basis of *res judicata*¸ any claims arising from the facts that had occurred before the filing of *Lesman v. MERS* would be barred by *res judicata* here as well.  In particular, Counts I (except to the extent it alleges new facts as discussed below), II and III are due to be dismissed as barred by *res judicata*.  Accordingly, the focus of the futility analysis rightfully must be on any *new* facts alleged by Old Atlanta in its proposed Second Amended Complaint.

The new facts appear in Paragraphs 13 and 14 of the proposed Second Amended Complaint stating the following:

13.

13

On July 1, 2014, [Defendants] purport to have foreclosed on the

Property.

14.

In fact, they did not.  Instead, in violation of their duty under
Georgia law to exercise the power of sale fairly and in good faith,
Defendants instead asserted repeatedly that they had obtained good
title to the Property while never conveying it to themselves in writing;
asserted to the Magistrate Court of Forsyth County that they had good
legal title, and obtained a writ of possession, casting out Plaintiff's
tenants; and seized possession of the Property.  Yet during this same
time period, Defendants did not claim responsibility for County ad
valorem taxes on the Property; and listed the Property for sale with
Plaintiff as the owner.  Finally, after all of this was done, Defendants
filed with the Clerk of the Court on November 19, 2014, a purported
deed under power, conveying the Property to themselves on
November 10, 2014, over four months after the purported foreclosure,
and three months after seizing the Property for themselves.

(*See* Doc. 24-1 at ¶¶ 13-14).

New facts alone will not automatically justify the granting of a motion to

amend – for the amendment not to be futile the facts must support a viable claim.

While Old Atlanta has incorporated[4] all of its allegations into each count seeking

relief, it has specifically referred to the 2014 allegations with respect to only two

counts.  In Count I for wrongful foreclosure, Old Atlanta alleges that "Defendants

failed to abide by their duty to exercise the power of sale properly, and took

possession and claimed title to the Property even though they had not completed

---

[4] This is a classic "shotgun" pleading regularly criticized by the Eleventh Circuit.
*PVC Windoors, Inc. v. Babbitbay Beach Constr.*, 598 F.3d 802, 806 n. 4 (11th Cir.
2010).

the sale under power.   (*Id.* at ¶ 21).   Similarly, in the newly-added claim for Conversion (Count IV), Old Atlanta alleges Defendants seized the property "without lawful title or right to do so," (*id.* at ¶ 36) and then concludes that Old Atlanta is entitled to the "return of the property"  (*id.* at ¶ 38).

In sum, Old Atlanta' s new allegations center on the fact that the deed under power of sale was not executed and filed until mid-November 2014 some four months after the July 2014 foreclosure sale of the subject property.  (*See* Doc. 24 at 2).  In addition, Old Atlanta points to tax records which indicated Plaintiff was the owner of the property after the foreclosure sale.  (*See id.* at 2; *see also,* Doc. 24-2). The undersigned will now consider whether these new facts support any claims that are not subject to being dismissed as futile.

1.    *Wrongful Foreclosure*

Under Georgia law, to support a claim for wrongful foreclosure a plaintiff must show the following:

> a legal duty owed to it by the foreclosing party, a breach of that duty,
> a causal connection between the breach of that duty and the injury it
> sustained, and damages.

*LSREF2 Baron, LLC v. Alexander SRP Apartments, LLC*, No. 1:12-CV-2545-AT, 2014 WL 1624088 (N.D. Ga. Mar. 31, 2014) (internal citation and quotation omitted).  In addition, "The foreclosing party breaches its legal duty if it fails to "exercise the power of sale fairly and in good faith."  *Id.*

In support of its wrongful foreclosure claim, Old Atlanta asserts that "Defendants failed to abide by their duty to exercise the power of sale in the security deed properly, and took possession and claim title to the Property even though they had not completed the sale under power. (Doc. 24-1 at ¶ 21).

Defendants counter by pointing out that the allegations regarding the timing of the execution and filing of the deed under power relate to "post-foreclosure procedures" and therefore do not support a claim for wrongful foreclosure. (Doc. 28 at 11). Going further Defendants contend that Old Atlanta has not alleged any actionable harm by virtue of the fact it failed to tender any amounts due on the underlying loan. (*Id.*)

Old Atlanta contends that the foreclosure was not complete until November 10, 2014 when the deed under power was executed. For this reason, the argument goes, Defendants' acts are not "post-foreclosure" acts, and therefore must be actionable.

Old Atlanta's new allegations on its wrongful foreclosure claim all center on the delay between the date of the sale and the execution and recording of the deed under power.[5] It is during this time frame that Old Atlanta alleges Defendants wrongfully took possession of the property. For Old Atlanta to prevail on these claims it must be correct that (1) a foreclosure sale is not complete until the deed is

---

[5] Notably, Old Atlanta points to no authority showing that a delay in executing a deed under power caused actionable harm to the grantor of a security deed.

16

executed and recorded, and (2) that Defendants breached some duty owed to Old Atlanta between the date of the sale and the execution and recording of the deed.

On both of these points, Old Atlanta's allegations fall short. As for the question of when a foreclosure is complete, an answer is found in *In re Hinson Mgmt. Group, Inc.*, No. 12-58962-CRM, 2012 WL 2175752 (Bankr. N.D. Ga. June 8, 2012). That court was asked to resolve the question of whether a foreclosure sale occurring shortly before the debtor filed bankruptcy terminated the debtor's equitable right of redemption. *Id.* at *1. The court noted that "whether a debtor's equitable right of redemption is terminated by a foreclosure sale is a question of state law." *Id.* (quoting *Howard v. Citizens Bank of Cochran,* 351 B.R. 251, 255 (Bankr. M.D. Ga. 2006). The *Hinson* court explained "Under Georgia law, a valid foreclosure divests all of the debtor's rights and title in the property," so it was "critical to determine when a foreclosure sale is complete." *Id.* The court went on to note that "the majority of recent cases" have concluded that **the foreclosure sale is complete "when the high bid is received at the foreclosure sale."** *Id.* at *2. Thus, it has been held that the debtor's equity of redemption "terminates upon sale to the highest bidder on the date the foreclosure sale is held even though the foreclosure deed is not recorded until after the debtor filed for bankruptcy relief." *Id.* (quotation omitted). Thus, *Hinson* refutes Old Atlanta's contention that a foreclosure is not complete until the deed is recorded.

17

On the issue of whether Defendants owed Old Atlanta a duty to execute and record the deed in a more timely fashion, a case cited by Defendants, *Harper v. Ameris Bank,* 755 S.E.2d 872 (Ga. Ct. App. 2014), is instructive.  In *Harper,* the Court of Appeals of Georgia considered the appeal of the confirmation of a foreclosure sale.  *Id.* at 873.  The debtor there argued that the sale should not have been confirmed because the post-sale deed under power was not filed within the time allowed by O.C.G.A. § 44-14-160.  *Id.*  The statute provides that "Within 90 days of a foreclosure sale, all deeds under power shall be recorded by the holder of a deed to secure debt or a mortgage with the clerk of superior court of the county or counties in which the foreclosed property is located."  O.C.G.A. § 44-14-160. The *Harper* court noted that "the plain language of the statute . . . provides for post-foreclosure procedures that would not affect the debtor in any way and instead would provide protection for future buyers."  *Harper,* 755 S.E.2d at 874.

As illustrated above, *Hinson* demonstrates that a foreclosure sale is complete at the time the high bid is received, and *Harper* shows that Georgia's statute requiring a deed under power to be filed after the sale operates to the benefit of future purchasers.  Under these circumstances, Old Atlanta has not stated a claim for wrongful foreclosure based on these new facts and accordingly its motion to amend is due to be denied as futile as it relates to Count I.

2.    *Conversion*

Old Atlanta also asserts a claim for conversion (Count IV) based on the alleged seizure of the property without lawful title due to the failure to execute and record the deed under power.  (Doc. 24-1 at ¶ 36).  As was discussed above, Old Atlanta cannot show that Defendants' failure to execute and record a deed under power within a particular time frame following the sale breached a duty owed by Defendants to Old Atlanta.

In addition, Old Atlanta alleges "a loss of the real property."  (*Id.* at ¶ 37). This claim is futile under Georgia law and is due to be dismissed because "Conversion does not apply to real property."  *Kin Chun Chung v. JPMorgan Chase Bank, N.A.,* 975 F. Supp. 2d 1333, 1347 (N.D. Ga. 2013) (citing  *Levenson v. Word,* 294 Ga.App. 104, 105 n. 2, 668 S.E.2d 763 (2008)).  Accordingly, Old Atlanta's conversion claim (Count IV) is futile and its motion to amend is due to be denied.

## CONCLUSION

It is **RECOMMENDED** that that Defendants' motion to dismiss Plaintiff's Complaint (Doc. 10) be **GRANTED** and Old Atlanta's motion to amend (Doc. 24) be **DENIED as futile.**

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this <u>26th</u> day of <u>January</u>, 2014.

/s/  *J. C*LAY *F*ULLER
J. CLAY FULLER
United States Magistrate Judge